## Momence Stone Company v. Frank Turrell.

1. RELEASE—*Of a Claim for Personal Injuries to a Guarantee Company.*—A release of a claim for personal injuries given to a guarantee and accident company, does not discharge it from liability, where there is no evidence offered showing or tending to show that the guarantee company had any connection with the injuries of the plaintiff, nor that there was any duty or relation existing between plaintiff and this company; where the guarantee company was not his employer, and was not, so far as the record shows, interested as owner or otherwise in the premises upon which the appellee was injured, and owed no duty of any kind or character to the plaintiff which could bring into existence the relation of joint tort-feasorship.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. John Small, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

F. J. Canty and William J. Miles, attorneys for appellant.

E. P. Harney, T. F. Donovan and T. W. Shields, attorneys for appellee.

Mr. Presiding Justice Brown delivered the opinion of the court.

This was a suit by appellee against appellant for damages caused by the overturning or derailing of a stone car in appellant's quarries at Momence, Illinois. The trial resulted in a verdict and judgment in favor of appellee for $1,200. Two reasons are urged for the reversal of the judgment : first, the evidence does not warrant a recovery; second, the refusal to give appellant's fourteenth instruction.

Appellant in the operation of its plant had and used a short line of railroad track for the purpose of carrying stone from the quarry to the crusher. It used small cars upon this track. They were moved a part of the distance by gravity, and the residue of the way by the use of a cable. The accident was occasioned by causing the rails at a given place to be laid so close together that when a car was started over the track it was forced therefrom and tipped over, causing the injury to appellee. George E. Beale was the superintendent of appellant in charge of the construction, repair and operation of the tracks and cars. It was by his order that appellee was working at the place of the accident. The jury was justified in believing that appellee did not know of the defect in the tracks. The evidence warranted the finding of the jury. The damages are not excessive.

The appellant offered and the court admitted in evidence the following paper, admitted to be signed by the appellee :

"Received of London Guarantee & Accident Co., Ltd.,

the sum of twenty-five and 00–100 dollars ($25.00) in full payment and satisfaction of all claims, demands, damages, and causes of action, I, Frank Turrell, have or may have against the said London Guarantee & Accident Co., Ltd., in respect of all injuries or injurious results, direct or indirect, arising or to arise from or by reason of a certain accident or injury sustained by me on or about the sixteenth day of December, 1899, at Momence, Ill., on the premises of the Momence Stone Co., while in the employ of said Momence Stone Co., I hereby forever releasing the said London Guarantee & Accident Co., Ltd., therefrom.

Witness my hand and seal at Momence, Ill., this twenty-second day of January, 1900.

[SEAL.]        FRANK TURRELL.

Witnesses:
      JAS. LOZIERE,
      R. PITMAN."

The paper runs to the London Guarantee & Accident Company. There was no evidence offered showing or tending to show that the Guarantee Company had any connection with the injuries of the appellee. No duty or relation existed between appellee and this company. The Guarantee Company was not his employer, nor was it, so far as this record discloses, interested as owners or otherwise in the premises upon which appellee was injured. It owed no duty of any kind or character to the appellee which could bring into existence the relation of joint tort-feasorship.

Under these circumstances a release to the Guarantee Company would not discharge the appellant from liability. But the court admitted oral testimony by both parties as to what occurred at the time the paper was signed. The testimony in that connection offered by appellant, tended to show that its representatives paid appellee $25, and explained to him that it was for a release of damages, that the release was to the appellant, and that appellee accepted the money with that understanding. The testimony of appellee was that he was unable to read or write; that the alleged representatives of the company gave him the money and informed him that it was a contribution from his fellow-employes in the quarry, and that

·it would be necessary for him to sign a receipt for it, to enable them to show the men who donated it that it had been delivered to him. He further testified 'that the subject of a settlement or release was not mentioned, that the paper was not read to him, and that he did not know its contents until produced in court.

On this state of proof appellant offered and the court refused the following instruction:

" The court instructs the jury that one of the defenses offered by the defendant in this case is, that the injuries charged by the plaintiff in his declaration to have been received by him, were fully released and discharged by him. If you find from the evidence that the release in question was his act and deed, then it is unnecessary for you to consider or determine to what extent he was injured, or what amounts of money, if any, he expended, or what time, if any, he lost, or what pain or suffering, if any, he endured. Nor is it proper for you to determine whether the amount paid him as a consideration for the execution of said release was a sufficient amount. If you believe from the evidence that the release in question was executed by the plaintiff while he was in the possession of his ordinary mental faculties and with a full understanding of what he was doing and without any fraud on the part of the defendant or those acting for it in such transaction, then all the above causes of action will be discharged by said release."

We are of opinion the instruction was properly refused. It will be borne in mind that the instrument in terms was a release to the Guarantee Company, and a release to that company did not discharge the appellant of liability. But considering the alleged release in the light of all the circumstances attending the signing of the same by the appellee, it must be conceded that there was a sharp conflict in the evidence as to whether those who obtained the signature were acting for the appellant. Appellee testified that they stated that they were acting for his fellow-workmen in making a contribution to him. The instruction assumes that they were acting for the appellant. The court therefore properly refused the instruction.

The judgment of the Circuit Court is affirmed.